FILED
United States Court of Appeals
Tenth Circuit

August 2, 2018

Elisabeth A. Shumaker
Clerk of Court

# UNITED STATES COURT OF APPEALS

# FOR THE TENTH CIRCUIT

_____

| | |
|---|---|
| LYNN ROBINSON; JUDITH ROBINSON, and all others similarly situated, | |
| Plaintiffs - Appellants, | |
| v. | No. 17-6166 (D.C. No. 5:17-CV-00426-F) (W.D. Okla.) |
| AMERICAN AIRLINES, INC., d/b/a American Airlines, | |
| Defendant - Appellee. | |
| _____ | |
| PAUL STEWART; MICHEL HICKS, and all others similarly situated, | |
| Plaintiffs - Appellants, | |
| v. | No. 17-6167 (D.C. No. 5:17-CV-00429-F) (W.D. Okla.) |
| SOUTHWEST AIRLINES CO., d/b/a Southwest Airlines, | |
| Defendant - Appellee. | |

_____

# ORDER AND JUDGMENT[*]
_____

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Before **BRISCOE**, **PHILLIPS**, and **EID**, Circuit Judges.

_____

In these related appeals, the respective plaintiffs (collectively, Plaintiffs) filed putative class actions against American Airlines and Southwest Airlines (collectively, Airlines) for not fully refunding the price of nonrefundable airline tickets they had purchased but did not use. In a consolidated ruling, the district court held that Plaintiffs' claims were preempted by the Airline Deregulation Act of 1978 (ADA). We have jurisdiction under 28 U.S.C. § 1291 and affirm, although for different reasons than those stated by the district court, *see Acosta v. Paragon Contractors Corp.*, 884 F.3d 1225, 1235 n.7 (10th Cir. 2018) ("[W]e may affirm the district court's ruling on any ground supported by the record."). Adopting the reasoning in a closely related case, we decline to address preemption and hold that the Airlines "did nothing more than enforce . . . enforceable contract[s]." *Martin v. United Airlines, Inc.*, 727 F. App'x 459, 460 (10th Cir. 2018) (unpublished).[1]

## I.   Background

Plaintiffs Lynn Robinson and Judith Robinson sued American Airlines, and plaintiffs Paul Stewart and Michael Hicks sued Southwest Airlines. In both cases, the plaintiffs purchased nonrefundable airline tickets but were not able to take the trips and canceled their reservations. The Robinsons purchased tickets in February

---

[1] "Although [*Martin*] is not binding, we may consider it for its persuasive value." *Anderson v. Spirit AeroSystems Holdings, Inc.*, 827 F.3d 1229, 1240 n.7 (10th Cir. 2016).

2016 for roundtrip travel from New York to Paris. Mr. Stewart and Mr. Hicks bought tickets in August 2013 to fly from Tulsa, Oklahoma to Phoenix, Arizona.

Each Airline had a contract or conditions of carriage that governed its obligations toward its customers, which Plaintiffs admittedly entered into by purchasing their tickets. American Airlines' Conditions of Carriage provided that nonrefundable tickets expired if not used within one year of the date of purchase. Aplt. App. No. 17-6166, at A100-01; *see also id.* at A100 ("Travel must commence within one year from the original ticket issue date. For example, if a ticket is issued on June 1, 2012, the new ticket travel must commence no later than June 1, 2013.").

Southwest Airlines' Contract of Carriage provided that the type of ticket Mr. Stewart and Mr. Hicks purchased ("Wanna Get Away Fares") were nonrefundable but reusable. Aplt. App. No. 17-1667, Vol. 2 at A188. Nonrefundable tickets were subject to a travel credit if unused, so long as the travel credit was used within the eligibility period. *Id.* at A190-91. The eligibility period was stated in a Fare Comparison Chart, which also stated that unused tickets were reusable for up to twelve months. *Id.* at A174. This requirement was confirmed in an email to the customer providing the ticket's expiration date. *See id.* at A172, A175-76.

Plaintiffs filed suit in Oklahoma state court, alleging the following causes of action: (1) breach of contract by failure of consideration, (2) breach of contract by failure to fulfill intentions/reasonable expectations of the parties, (3) fraud, and (4) breach of the covenant of good faith. The Robinsons' complaint also included a claim for recovery of money wrongfully taken and kept by American Airlines. The

Airlines removed the cases to federal court under the Class Action Fairness Act, 28 U.S.C. § 1332(d), and filed motions to dismiss. The Airlines argued that Plaintiffs' claims were preempted by the ADA or, in the alternative, failed to state a claim.

The district court held that Plaintiffs' claims were preempted by the ADA, which states, in relevant part, that "a State . . . may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of an air carrier . . . ." 49 U.S.C. § 41713(b)(1). Therefore, the district court dismissed the complaints with prejudice.

Plaintiffs appeal, pursuing their claims for breach of contract. "[T]he ADA's preemption prescription bars state-imposed regulation of air carriers, but allows room for court enforcement of contract terms set by the parties themselves." *Am. Airlines, Inc. v. Wolens*, 513 U.S. 219, 222 (1995). Therefore, we address the contract claims. But Plaintiffs did not present any argument in their opening brief on the claims for fraud, money wrongfully taken, or the tort of violating the implied covenant of good faith and fair dealing, so they have waived any challenge to the dismissal of those claims. *See Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007) ("[W]e routinely have declined to consider arguments that are not raised, or are inadequately presented, in an appellant's opening brief.").

## II. Standards of Review

"We engage in de novo review of the district court's rulings on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), and we accept the facts

alleged in the complaint as true and view them in the light most favorable to the plaintiffs." *Lincoln v. Maketa*, 880 F.3d 533, 537 (10th Cir. 2018) (brackets and internal quotation marks omitted). To withstand dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and internal quotation marks omitted). Moreover, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not sufficient to state a claim for relief. *Id.*

In *Martin* we applied Oklahoma contract law to a contract of carriage similar to those in these cases. *See Martin*, 727 F. App'x at 462-63. We determine that Oklahoma law applies to the claims brought by Mr. Stewart and Mr. Hicks, No. 17-6167. Texas law, however, applies to the Robinsons' claims, because the Conditions of Carriage applicable to the Robinsons includes a choice-of-law provision stating that Texas law applies. *See* Aplt. App. No. 17-6166, at A105-06. Nevertheless, we reach the same result under Oklahoma and Texas law.

### III. Ambiguous Contracts

As in *Martin*, Plaintiffs assert the contracts at issue here are ambiguous. Mr. Stewart and Mr. Hicks fail to identify any ambiguous contract language. The Robinsons contend that American Airlines' Conditions of Carriage is ambiguous

because, although it states that an applicable change fee will be charged when a nonrefundable ticket is rebooked, the amount of the change fee is not specified.

Under Texas contract law, "[a] contract is not ambiguous simply because the parties to a lawsuit offer conflicting interpretations of the contract's provisions." *Nassar v. Liberty Mut. Fire Ins. Co.*, 508 S.W.3d 254, 258 (Tex. 2017). Rather, "[a] [contract] is ambiguous if it is genuinely subject to more than one meaning after applying the pertinent rules of contract interpretation." *Id.* The Robinsons have proffered no conflicting interpretation of the provision for charging an applicable change fee and we see none.

We conclude that neither contract is ambiguous. Both contracts provided that the tickets were nonrefundable and that the airline travel had to be taken within one year of purchase. Plaintiffs concede that they did not book airline flights within one year. We turn to Plaintiffs' remaining arguments, which are "in essence" an attempt to "change the terms of the contracts." *Martin*, 727 F. App'x at 462.

### IV. Rule Against Forfeitures and Quasi-Estoppel

Plaintiffs contend that the rule against forfeitures and the doctrine of quasi-estoppel prevent the enforcement of the Airlines' contracts. We reject these arguments.

Both Oklahoma and Texas disfavor forfeitures, but neither state's laws apply the doctrine to invalidate an unambiguous contract. *Guthrie v. Indep. Sch. Dist. No. I-30*, 1998 OK CIV APP 47, 958 P.2d 802, 805 (recognizing "the rule discouraging construction of a contract in a way that works a forfeiture unless the plain,

6

unambiguous language of the contract so requires"); *Fischer v. CTMI, LLC*, 479 S.W.3d 231, 239 (Tex. 2016) (stating "[f]orfeitures are not favored in Texas," but "if the parties clearly intended to agree and a reasonably certain basis for granting a remedy exists, we will find the contract terms definite enough to provide that remedy" (internal quotation marks omitted)). Thus, our conclusion that the Airlines' contracts are not ambiguous dooms this claim.

The quasi-estoppel doctrine also does not apply. "Quasi-estoppel precludes a party from asserting, to another's disadvantage, a right inconsistent with a position previously taken." *Samson Expl., LLC v. T.S. Reed Props., Inc.*, 521 S.W.3d 766, 778 (Tex. 2017) (internal quotation marks omitted); *accord Willard v. Ward*, 875 P.2d 441, 443 (Okla. Civ. App. 1994) ("If it is unconscionable for a party to assume an inconsistent position in a subsequent proceeding, the party may be barred from doing so under the doctrine of quasi-estoppel."). Neither Airline has taken a position inconsistent with an earlier position.

## V. Doctrine of Reasonable Expectations

Invoking the doctrine of reasonable expectations, Plaintiffs contend that in purchasing nonrefundable tickets, they expected their airline tickets never to expire or to receive refunds if they did not use their nonrefundable tickets. "But the Oklahoma courts apply the doctrine only if the contract is ambiguous or if a term is 'masked by technical or obscure language or hidden in a policy's provisions.'" *Martin*, 727 F. App'x at 462-63 (quoting *Am. Econ. Ins. Co. v. Bogdahn*, 2004 OK 9, ¶ 9, 89 P.3d 1051, 1054 (internal quotation marks omitted)). "Texas law does not

recognize the 'Doctrine of Reasonable Expectations' . . . as a basis to disregard unambiguous policy provisions." *Vandeventer v. All Am. Life & Cas. Co.*, 101 S.W.3d 703, 719 n.8 (Tex. App. 2003) (citing *Forbau v. Aetna Life Ins. Co.*, 876 S.W.2d 132, 145 n.8 (Tex. 1994)). As discussed above, the applicable contracts are not ambiguous, nor is the nonrefundability of the tickets masked by technical or obscure language.

## VI. Covenant of Good Faith and Fair Dealing

Plaintiffs also invoke the covenant of good faith and fair dealing in the context of contract construction, in contrast to their claim noted above asserting a tort of violating the implied covenant. "But that covenant cannot impose terms that contravene the express terms of the contract." *Martin*, 727 F. App'x at 463 (citing *Mercury Inv. Co. v. F.W. Woolworth Co.*, 706 P.2d 523, 532 (Okla. 1985); *United Assocs., Inc. v. Wal-Mart Stores, Inc.*, 133 F.3d 1296, 1298 (10th Cir. 1997)). Texas law similarly provides that "[t]he agreement made by the parties and embodied in the contract itself cannot be varied by an implied good-faith-and-fair-dealing covenant." *Exxon Corp. v. Atl. Richfield Co.*, 678 S.W.2d 944, 947 (Tex. 1984). Thus, the implied covenant cannot be applied to change the contract provisions stating that the tickets were nonrefundable.

## VII. Unconscionable Contracts

Plaintiffs further contend that the restrictions on nonrefundable tickets are unconscionable. Under Oklahoma law, "[a]n unconscionable contract is one which no person in his senses, not under delusion would make, on the one hand, and which

no fair and honest [person] would accept on the other." *Barnes v. Helfenbein*, 548 P.2d 1014, 1020 (Okla. 1976). "The basic test of unconscionability of a contract is whether under the circumstances existing at the time of making of the contract, and in light of the general commercial background and commercial needs of a particular case, clauses are so one-sided as to oppress or unfairly surprise one of the parties." *Id.* An unconscionable contract generally "include[s] an absence of meaningful choice on the part of one of the parties, together with contractual terms which are unreasonably favorable to the other party." *Id.*

"Texas . . . recognizes both substantive and procedural unconscionability. Substantive unconscionability refers to the fairness of the [contractual] provision itself . . . ." *In re Olshan Found. Repair Co.*, 328 S.W.3d 883, 892 (Tex. 2010) (internal quotation marks omitted). In general, "a contract is [substantively] unconscionable if, given the parties' general commercial background and the commercial needs of the particular trade or case, the clause involved is so one-sided that it is unconscionable under the circumstances existing when the parties made the contract." *Id.* (internal quotation marks omitted). Procedural unconscionability "refers to the circumstances surrounding adoption of the [contractual] provision." *Id.* (internal quotation marks omitted).

The contracts at issue here do not satisfy the criteria for unconscionability under either Oklahoma or Texas law. As explained in *Martin*,

> Every day, thousands of travelers have a choice between purchasing a refundable ticket or a significantly cheaper nonrefundable ticket from a variety of airlines. Few are out of their senses or delusional. Contracts

9

> made on competitive markets are seldom unconscionable. Although the market for air travel is not a model of perfect competition, the commercial context here also argues against finding unconscionability. Airlines can compete against each other, and an airline could certainly obtain a competitive advantage in obtaining customers by making all tickets fully refundable or, as some do, by reducing the burden of exchanging the ticket, but the cost to an airline of doing so may constrain such an effort. Further, there is certainly no procedural unfairness present here. Airlines are hardly oppressive or coercive in offering travelers the choice of cheaper nonrefundable tickets.

*Martin*, 727 F. App'x at 463-64 (footnote omitted); *see also id.* at 463 n.3 (quoting *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 389 (1992) (describing airline-travel market conditions)).

## VIII. Conclusion

Because Plaintiffs were bound by the contract conditions on nonrefundable tickets, their breach-of-contract claims must fail. Accordingly, we affirm the district court's judgments of dismissal.

                                                  Entered for the Court

                                                  Mary Beck Briscoe
                                                  Circuit Judge